UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22679-CIV-GOLD/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HIALEAH HOUSING AUTHORITY,

    Defendant.

_____/

### ORDER FOLLOWING SECOND PRETRIAL CONFERENCE BEFORE THE MAGISTRATE JUDGE

THIS CAUSE is before the Undersigned on the District Court's Order Referring Pretrial motions to Judge Goodman. (DE# 196.)  Pursuant to this reference, I held the second of a series of pretrial conferences today with the parties. During this hearing, the Undersigned made several additional rulings as detailed below.

First, the government shall attempt to serve a subpoena for deposition on Francisco Gonzalez within **2 weeks** of today's date. If the government is able to locate and serve Mr. Gonzalez, then it shall file a notice of taking deposition with the Court, indicating the date and time of the scheduled deposition. Before serving a subpoena, however, the government shall confer with defense counsel and agree on deposition dates agreeable to both parties. If the parties schedule Mr. Gonzalez's deposition, then the Court will issue an order on the due date for supplemental memoranda concerning his possible trial testimony.

1

Second, on **October 25, 2011**, at approximately 5:00 PM, the parties shall simultaneously file legal memoranda on the admissibility of Dr. Steven Wender's anticipated expert trial testimony. These memoranda must be no longer than 5 pages each. No responses are permitted.

Third, on **November 8, 2011**, at approximately 5:00 PM, the parties shall simultaneously file legal memoranda on the admissibility of Dr. Seth Hochman's anticipated expert trial testimony. These memoranda must be no longer than 5 pages each. No responses are permitted.

Fourth, the government will file a "damages" memorandum by **November 14, 2011**. In this memorandum, the government shall separately describe each component of damage it is seeking, including the specific factual basis for each component and an approximate dollar estimate of the damages. As to emotional distress damages, the government must disclose whether any Rodriguez family member for which it is seeking such damages has received any mental or psychological care and, if so, then the government must describe the nature of this care and the identity of the provider of this care. Defendant shall file a response to the government's "damages" memorandum by **November 28, 2011**.

Fifth, by **December 1, 2011**, the parties shall submit a new set of joint-proposed jury instructions and verdict forms. Each proposed jury instruction shall be on a separate page with a separate title. The portions of each proposed instruction that the parties agree on shall be written in regular font. To the extent there are disagreements, the government's proposed wording shall be written in **bold** font and the Defendant's proposed wording shall be written in *italic* font.

The list of authorities for each citation shall be located at the bottom of each instruction and must not be incorporated in any way within the body of any instruction.  Where disagreement exists, the government's authorities shall be in **bold** and the Defendant's authorities in *italics*.  The same rules shall apply to the proposed verdict forms (i.e., agreed language in regular font, the government's proposal in **bold**, and Defendant's proposal in *italics*).

Sixth, on or before **January 13, 2012**, the parties shall submit one joint list of proposed voir dire questions.  To the extent the parties do not agree on a proposed voir dire question, each side may submit their own supplemental list at the same time the joint list is filed.

Seventh, the parties shall make their respective trial exhibits available to the other party for inspection, including both those categorized as "intend to offer" and "may offer," no later than **October 25, 2011**.  Each party shall thereafter, if it has any objections, file a chart containing objections, on an exhibit-by-exhibit basis, no later than **November 21, 2011**.  In the chart, the parties shall specify the nature of their objection with an appropriate objection code.  No responses to the objections charts are permitted.  If objections are filed, then the Undersigned will schedule a hearing to consider the objections.

Eighth, the Undersigned will be issuing a report and recommendations recommending that the District Court limit each party to only 4 trial witnesses in the "other tenants at Project 16" category.  The basis of this recommendation will be that these witnesses are cumulative.[1]  However, the Undersigned will not

---

[1] Defendant alone submitted 42 different potential witnesses from this category.

3

recommend that the parties be limited to any 4 <u>specific</u> witnesses. Instead, the Undersigned will recommend that the parties are allowed to wait until the trial to determine which particular witnesses to select among those already listed on their witness list in this category.

Finally, the Undersigned also advised the parties at today's hearing that he will soon issue additional reports and recommendations on the outstanding motions in limine involving Miguel Rodriguez's workers compensation settlement and Mark J. Mazz's anticipated expert trial testimony.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 11th day of October, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Alan Gold

All counsel of record